```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
```

RYAN FREDERICKS,

                                                             **ANSWER**

                              Plaintiff,

                     -against-

                                                           07 CV 8543 (RJS)

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, DEPUTY INSPECTOR JOHN
BAMBURY, DETECTIVE HERNANDEZ, "JOHN DOE"
POLICE OFFICERS 1-10,                        **JURY TRIAL DEMANDED**

                              Defendants.

```
-------------------------------------------------------------------------x
```

        Defendants City of New York, Commissioner Raymond Kelly, Deputy Inspector John Bambury and Detective Geoffrey Hernandez, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to seek the relief as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to bring this action and to invoke the pendent and supplementary jurisdiction of the Court as stated therein.

        5. Deny the allegations set forth in paragraph "5" of the complaint.

        6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Raymond Kelly is the Commissioner of the New York City Police Department and that plaintiff purports to sue him in his individual and official capacities.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit the John Bambury is employed by the New York City Police Department and that plaintiff purports to sue him in his individual and official capacities.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Detective Hernandez is employed by the New York City Police Department.

12. Paragraph "12" of the complaint contains conclusions of law rather than averments of fact and accordingly requires no response. To the extent a response is required, defendants deny the allegations.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit a document purporting to be a notice of claim was received by the New York City Office of the Comptroller on or about November 29, 2006, and that the matter has not been settled.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff participated in a line-up on or about November 7, 2006.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint

20. Deny knowledge or information regarding the truth of the allegations set forth in paragraph "20" of the complaint

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint, including all subparts.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "23" inclusive of this answer, as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "26" inclusive of this answer, as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint

35. In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "34" inclusive of this answer, as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "41" inclusive of this answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny knowledge or information regarding the truth of the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "47" inclusive of this answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "50" inclusive of this answer, as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint, including all subparts.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

54. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

55. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

56. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

57. Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

58. Plaintiff may have failed to comply with the conditions precedent to suit under State Law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

59. At all times relevant to the incident defendants acted reasonably, in the proper, lawful exercise of their discretion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

60. Plaintiff's claims may be barred in part by the applicable statute of limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

61. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

62. At all times relevant to the acts alleged in the complaint, defendants City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

63. This action may be barred in part for plaintiffs' failure to comply with the conditions precedent to suit.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

64. Commissioner Raymond Kelly and Deputy Inspector John Bambury were not personally involved in the alleged incident.

**WHEREFORE,** defendants City of New York, Commissioner Raymond Kelly, Deputy Inspector John Bambury and Detective Geoffrey Hernandez request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 2, 2008

MICHAEL A. CARDOZO
Corporation Counsel
City of New York
Attorney for Defendants
100 Church Street, Room 3-196
New York, New York 10007
(212) 788-1580

By: _____
    Suzette Corinne Rivera
    Special Federal Litigation Division

To:    Cynthia Conti-Cook
       Stoll, Glickman & Bellina, LLP
       *Attorney for Plaintiff*
       71 Nevins Street
       Brooklyn, NY 11217

Index No. 07 CV 8543 (RJS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN FREDERICKS,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND KELLY, DEPUTY INSPECTOR JOHN BAMBURY, DETECTIVE HERNANDEZ, "JOHN DOE" POLICE OFFICERS 1-10,

Defendants

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*

*100 Church Street*
*New York, N.Y. 10007*
*Of Counsel: Suzette Corinne Rivera*

*Tel: (212) 788-9567*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................................,2007*

*................................................................ Esq.*

*Attorney for City of New York*