UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN FREDERICKS,

                Plaintiffs,

-v-

THE CITY OF NEW YORK, *et al.*,

                Defendants.

No. 07 Civ. 8543 (RJS)

ORDER

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/21/08
```

RICHARD J. SULLIVAN, District Judge:

By letter dated February 14, 2008, defendants seek a transfer of the above-entitled action to the Eastern District of New York (hereinafter, "E.D.N.Y.") on the ground that "it is the more appropriate and convenient forum." (Defs.' Feb. 14, 2008 at 1.) By letter dated February 15, 2008, plaintiff indicates that he consents to the transfer of this action to the E.D.N.Y. Accordingly, for the following reasons, the Court transfers this action to the E.D.N.Y.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). Upon review of the Complaint filed in this matter, the Court notes that plaintiff asserts that he is a resident of Kings County, New York, and that the individual defendants are the Police Commissioner of the City of New York and various police officers of the defendant City of New York. In addition, the Complaint indicates that the action arises from alleged injuries plaintiff suffered as a result of his arrest by defendant police officers stationed in Brooklyn, New York. Thus, on the basis of the Complaint, it appears that all or most of the material events, documents, persons, and potential witnesses related to this action are located in the E.D.N.Y.

Although the first prong of the venue statute, 28 U.S.C. § 1391(b), locates venue in "a judicial district where any defendant resides," the second prong of the statute unambiguously indicates that, regardless of the defendant's residence, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1)-(2). Here, it is beyond doubt that a "substantial part of the events" giving rise to plaintiff's claims occurred in the E.D.N.Y. and, thus, that venue is also proper in that district. *See* 28 U.S.C. § 1391(b)(2).

Furthermore, the Court finds that transfer of this action promotes the interests of convenience and justice. District courts have broad discretion in evaluating these interests as they relate to the transfer of cases. *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir.1992) ("[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis."); *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989) ("Balancing factors of convenience is essentially an equitable task. For that reason, an ample degree of discretion is afforded to the district courts in determining a suitable forum."). Having examined the Complaint in this action, and considered the relevant factors — including plaintiffs' choice of forum, the locus of the operative facts, the convenience of likely witnesses and the parties, the location of relevant documents and the relative ease of access to sources of proof, the availability of process to compel attendance of unwilling witnesses, the proposed forum's familiarity with the governing law, and trial efficiency and the interest of justice based on the totality of the circumstances, *see, e.g., POSVEN, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 404 (S.D.N.Y. 2004) — the Court finds that all or most of the material events, documents, persons,

and potential witnesses related to these actions are located in the E.D.N.Y., and, therefore, transfer of the action is appropriate. Moreover, although plaintiff's chosen forum is the Southern District of New York, and that choice is normally accorded significant deference, it is "given less weight" where, as here, the "operative facts [of the action] have little connection with the chosen forum."[1] *Frame v. Whole Foods Market, Inc.*, No. 06 Civ. 7058 (DAB), 2007 WL 2815613, at *5 (S.D.N.Y. Sept. 24, 2007) (quoting *UFH Endowment, Ltd. v. Nevada Manhattan Mining, Inc.*, No. 98 Civ. 5032 (DAB), 2000 WL 1457320, at *5 (S.D.N.Y. Sept. 28, 2000)) (internal quotation marks and additional citation omitted).

---

[1] By Order dated February 5, 2008, the Court directed all parties in the above-entitled action to submit a letter indicating whether they oppose transfer of this action to the E.D.N.Y. and, if so, the basis of their opposition, no later than February 19, 2008. Plaintiff asserts that it was improper for this Court to raise the issue of transfer *sua sponte*. (*See* Pl.'s Feb. 15, 2008 Ltr.) The Second Circuit has advised district courts not to *dismiss* actions on the ground of improper venue — at least, absent "extraordinary circumstances," *Stich v. Rehnquist*, 982 F.2d 88, 89 (2d Cir. 1992) — pursuant to 28 U.S.C. § 1406(a). However, "[i]t is well established that a district court can order a transfer *sua sponte*" pursuant to 28 U.S.C. § 1404(a), "provided that [the] court give notice to the parties of its intention to do so in order that the parties may respond." *Angelov v. Wilshire Bancorp*, No. 06 Civ. 4223 (CM), 2007 WL 2375131, at *3 (S.D.N.Y. Aug. 14, 2007) (citing *Lead Indus. Ass'n v. OSHA*, 610 F.2d 70, 79 n. 17 (2d Cir. 1979) ("The broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer [s]ua sponte . . . ."); *Cento Pearl v. Arts & Craft Supply Inc.*, No. 03 Civ. 2424 (LAK), 2003 WL 1960595, at *1 (S.D.N.Y. April 24, 2003) ("The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established.") (internal citations omitted); *Mobil Corp. v. Sec. & Exch. Comm'n*, 550 F. Supp. 67, 69 (S.D.N.Y.1982)); *Hamilton v. Accu-Tek*, 47 F. Supp. 2d 330, 339 (E.D.N.Y. 1999) ("A court may initiate transfer on its own motion."); *compare* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.") *with* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). In any event, even assuming *arguendo* that the Court lacked the authority to transfer this action *sua sponte*, defendants have now moved for a transfer of this action to the E.D.N.Y.

3

Accordingly, defendants' request to transfer this action to the E.D.N.Y. is GRANTED pursuant to 28 U.S.C. § 1404(a). It is hereby ORDERED that, in the interests of justice, the maximum convenience to the parties and witnesses, and the efficient management of this Court's docket, the Clerk of the Court is directed to transfer this case to the E.D.N.Y.

SO ORDERED.

Dated:     New York, New York
           February 21, 2008

                                        _____
                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE